USDC SCAN INDEX SHEET

















AXC   10/18/99   9:31
3:99-CV-01961   WARYNICK V. CIRCUIT CITY STORES
*5*
*DECL.*

1  Rex Darrell Berry
   DAVIS GRIMM & PAYNE
2  1111 Third Avenue
   Suite 1854
3  Seattle, WA  98101
   Telephone:  (206) 447-0182
4  Fax:  (206) 622-9927

5  Richard A. Paul
   PAUL, PLEVIN & SULLIVAN
6  101 W. Broadway, Suite 1330
   San Diego, CA  92101-8214
7  Telephone:  (619) 744-3640
   Fax:  (619) 615-0700
8
   Attorneys for Defendant
9  Circuit City Stores, Inc.

10                    FILED

99 OCT 15 PM 3: 42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

10

11                UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  WENDY WARYNICK,                   ) Case No.: 99 CV 1961B SJB
                                      )
15            Plaintiff,              ) DECLARATION OF PAMELA G. PARSONS IN
         v.                           ) SUPPORT OF MOTION TO COMPEL
16                                    ) ARBITRATION AND TO DISMISS
    CIRCUIT CITY STORES, INC.; and DOES )
17  1 through 100,                    ) NOTED FOR: December 13, 1999
                                      ) TIME:  10:30 a.m.
18            Defendant.              ) JUDGE:  Rudi M. Brewster
                                      ) COURTROOM:  2
19                                    )
20  _____

21       I, Pamela G. Parsons, do hereby declare as follows:

22       1.  I currently am employed by Circuit City Stores, Inc.

23  ("Circuit City") in the position of Assistant General Counsel.  I am a

24  member of management with authority over Circuit City's Arbitration

25  Program.

26       2.  During her employment with Circuit City, Wendy Warynick

27  ("Warynick") entered into an agreement to arbitrate any employment-

28

DEC. OF PARSONS - 1
(Case No. 99-CV-1961B SJB)
(TAC)\CC\WARYNICK\COMPEL-DEC.PDF

5

related legal disputes with Circuit City.  Specifically, on or about March 20, 1995, Circuit City introduced at the retail store in which Warynick worked an "Associate Issue Resolution Program." On that date, Warynick signed an "Associate Receipt of Issue Resolution Package" form.  Attached hereto as **Exhibit** **"A"** is a true and correct copy of that document.

   3.   Pursuant to the Associate Issue Resolution Program, Circuit City applicants, employees or former employees ("Associates") are provided various means by which they may resolve employment disputes. Attached hereto as **Exhibits** **"B"** through **"F,"** respectively, are the components of a Circuit City Associate Issue Resolution Package provided to Warynick.   That package contains a "Receipt of Issue Resolution Package Form" (**Exhibit** **"B"**), an "Associate Issue Resolution Handbook," (**Exhibit** **"C"**) an "Arbitration Request Form" (**Exhibit** **"D"**), a "Dispute Resolution Rules and Procedures" handbook (**Exhibit** **"E"**), and an "Arbitration Opt-Out Form" (**Exhibit** **"F"**).

   4.   For Associates hired prior to the implementation of the Associate Issue Resolution Program, participation was voluntary. Associates who chose not to participate were provided a specific mechanism by which they could opt out of the program.   Those Associates were required to mail to Circuit City the "Arbitration Opt-Out Form" provided to them within the time provided.

5. In order to confirm receipt of an Associate's "Opt-Out Form" (and remove the Associate from coverage by the arbitration program), Circuit City, upon receipt of the form, date-stamped the original form, and then returned a copy of the stamped form to the Associate, while retaining the original in Circuit City's files at the corporate headquarters in Richmond, Virginia. This practice was followed with all of Circuit City's Associates who submitted a timely request to opt out of the Associate Issue Resolution Program.

6. Warynick did not submit an "Opt-Out Form" to Circuit City within 30 days of her receipt of the Associate Issue Resolution Package. I directed that an exhaustive search be conducted of the Associate Issue Resolution Program files, and there is no record of Warynick ever having submitted to Circuit City an "Opt-Out Form," nor is there any record of Circuit City having sent to Warynick confirmation of receipt of any "Opt-Out Form."

7. Circuit City has taken the position consistently that any Associate who did not submit an "Opt-Out Form" in a timely manner is covered by the Associate Issue Resolution Program, and must resolve any employment-related disputes through arbitration.

8. Circuit City refers to all applicants, current and former employees as "Associates."

9. The arbitration of Warynick's claims will be governed by the Dispute Resolution Rules and Procedures in effect at the time she

DEC. OF PARSONS - 3
(Case No. 99-CV-1961B SJB)
(TAC:\CC\WARYNICK\COMPEL-DEC PGP

files a proper Arbitration Request Form and pays the appropriate filing fee.  Attached hereto as **Exhibit "G"** is a copy of the Dispute Resolution Rules and Procedures currently in effect.

10.  This Declaration is made by me voluntarily.  I have been promised no benefit, nor threatened with any reprisal in connection with this Declaration.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

Date: _October 14, 1999_          _Pamela G. Parsons._
                                   Pamela G. Parsons

Place: _Richmond, Virginia_

DEC. OF PARSONS - 4
(Case No. 99-CV-1961B SJB)
(TAC)\CC\BARYMITZ\COMPEL-DEC.PER

# EXHIBIT "A"

# ASSOCIATE RECEIPT
# OF ISSUE RESOLUTION PACKAGE

By my signature below, I acknowledge that I have seen the video presentation on Circuit City's Issue Resolution Program and that I have received the following:

1. Associate Issue Resolution Handbook;

2. Circuit City Dispute Resolution Rules and Procedures; and

3. Circuit City Arbitration Opt-Out Form.

I will read the materials carefully and call the Associate Cool Line or consult with my local Personnel Manager if I have any questions.  I understand that I may consult with an attorney if I have any questions regarding my legal rights.

I understand that participation in the Issue Resolution Program is voluntary.  If I do not wish to participate in the arbitration component of the Program, however, I must send a completed "Circuit City Arbitration Opt-Out Form," which is included with this package, to:

> **Circuit City Stores, Inc.**
> **Arbitration Coordinator**
> **9960 Mayland Drive**
> **Richmond, VA 23233**

I must send the Opt-Out Form via U.S. mail (do not use intercompany mail) to the above address within **30 calendar days** of the date on which I signed below.  I understand that if I do not mail the Form within 30 calendar days, I will be required to arbitrate all employment-related legal disputes I may have with Circuit City.


_Wendy Ann Warynick_
ASSOCIATE'S SIGNATURE

_3/30/95_
DATE


_Wendy Warynick_
ASSOCIATE'S NAME  (printed)

_567 - 73 - 7930_
SOCIAL SECURITY #


_0413_
LOCATION #

Exhibit A, page 5

# EXHIBIT "B"



# Associate Issue Resolution Package

*Contents:*

*Receipt of Issue Resolution Package*

*Associate Issue*
*Resolution Handbook*

*Arbitration Request Form*

*Dispute Resolution Rules and Procedures*

*Arbitration Opt-Out Form*

All Associates
March 1995

Exhibit __B__ , page __6__

ISSUE RESOLUTION PACKAGE

By my signature below, I acknowledge that I have seen the video presentation on Circuit City's Issue Resolution Program and that I have received the following:

1. Associate Issue Resolution Handbook;

2. *Circuit City Dispute Resolution Rules and Procedures;* and

3. Circuit City Arbitration Opt-Out Form.

I will read the materials carefully and call the Associate Cool Line or consult with my local Personnel Manager if I have any questions. I understand that I may consult with an attorney if I have any questions regarding my legal rights.

I understand that participation in the Issue Resolution Program is voluntary. If I do not wish to participate in the arbitration component of the Program, however, I must send a completed "Circuit City Arbitration Opt-Out Form," which is included with this package, to:

> Circuit City Stores, Inc.
> Arbitration Coordinator
> 9960 Mayland Drive
> Richmond, VA 23233

must send this form via U.S. mail (do not use intercompany mail) to the above address within 30 calendar days of the date on which I signed below. I understand that if I do not mail the Form within 30 calendar days, I will be required to arbitrate all employment-related legal disputes I may have with Circuit City.

_____          _____
ASSOCIATE'S SIGNATURE                 DATE


_____          _____
ASSOCIATE'S NAME  (printed)           SOCIAL SECURITY #


                                      _____
                                      LOCATION #

Exhibit _B_, page _7_

# EXHIBIT "C"

# CIRCUIT CITY

# *Associate Issue Resolution Handbook*

All Associates
March 1995

Exhibit C , page 8

# *INTRODUCTION*

ЛІ City takes great pride in its associates. Numbering over 28,000 today, our associates have been the key to our ability to deliver top quality values, selection and service to our customers. As we have grown, Circuit City has taken every opportunity to implement positive changes to improve opportunities for associates and maintain Circuit City as an outstanding place to work.

Circuit City strongly believes that both associates and the Company perform best when associates focus their talents and energies on their jobs. When an associate becomes distracted by a workplace issue or problem, job performance can suffer and customer service is put at risk. If a workplace issue involves a legal claim and is not resolved at an early stage, a seemingly minor issue may end up as a lawsuit between the associate and Circuit City. Lawsuits can be extremely expensive, time-consuming and frustrating for both the associate and the Company.

For years, Circuit City has had a number of avenues available to associates, including the Open Door Policy and the Associate Cool-Line, to ensure that workplace problems are resolved quickly. In an effort to expand the use of those avenues by associates, and to introduce a new program designed to eliminate the need for lawsuits in court, Circuit City has created the Associate Issue Resolution Program.

The Associate Issue Resolution Program has two major components. The first component is a new, enhanced Open Door Policy. Circuit City has designed the new Open Door Policy to help associates resolve any workplace concern or issue. The second component of the Associate Issue Resolution Program is final, binding arbitration of all employment-related legal disputes before a neutral arbitrator. Arbitration is a quick, fair and cost-effective alternative to litigation for associates to secure a fair resolution of employment-related legal disputes.

Circuit City is very proud of the Associate Issue Resolution Program and is deeply committed to its success. The remainder of this Handbook explains, in detail, the specific components of the Associate Issue Resolution Program.

# *THE OPEN DOOR POLICY*

Circuit City firmly believes that open and honest communication is the key to productive workplace relationships. The Open Door Policy states that all doors are open when an associate has a work-related issue or concern.

The four steps discussed below illustrate the avenues you may take to obtain a quick and satisfactory resolution of a question or issue. Quick resolution of a work-related problem allows you to maintain your focus on providing top-quality service to our customers.

STEP 1:      YOUR IMMEDIATE MANAGER

Whenever possible, you should first speak with your immediate manager about a work-related issue. Your immediate manager is usually closest to your situation, and should be able to help you resolve your concern quickly. While it is your manager's


Exhibit C , page 9

responsibility, to respond in a timely manner, you should ask your manager to commit to a date on which he or she will give you an answer or update regarding your question or concern.

STEP 2:    NEXT LEVEL MANAGER

If you are not satisfied with your manager's response to your issue at Step 1, or you want to talk with someone other than your manager about an issue, you should speak with the next-level manager. Your next-level manager may be able to provide a different perspective on your concern or problem. As in Step 1, you should ask the next-level manager for a commitment as to when you will receive a response.

STEP 3:    ASSOCIATE COOL-LINE

Unfortunately, there may be times when your concern directly involves your manager, and you do not wish to approach him or her. Or, you may have spoken with your manager and the next-level manager and feel that your problem has not been addressed or is still unresolved. In either case, you should call the Associate Cool-Line.

If you call the Associate Cool-Line with a problem or a concern, you may remain anonymous or identify yourself. We encourage you to identify yourself when you call the Cool-Line so we can be sure to give you a response to your issue. Either way, your call will be handled confidentially.

Each Division and Subsidiary has its own Associate Cool-Line.  When you call the Cool-Line, your call will be referred to your local Human Resources Manager. If you identify yourself when you call the Cool-Line, your Human Resources Manager should return your call within the next business day and take steps to help you resolve your issue.

The Associate Cool-Line is not the only place you can call to voice a concern over an issue. You may also call your local Human Resources Manager directly.

STEP 4:    ISSUE RESOLUTION INVESTIGATION OFFICE

If, after attempting to resolve your problem using the above steps, you remain dissatisfied with the outcome, you should call or write to the Issue Resolution Investigation Office at 9960 Mayland Drive, Richmond, Virginia 23233. The phone number is (804)527-4000 x2932.

If you have not contacted the Associate Cool-Line or Human Resources prior to calling or writing to the Issue Resolution Investigation Office, Human Resources will be asked to resolve the problem and report the outcome in writing to the Issue Resolution Investigation Office and the President of the Company. If you have already contacted Human Resources, the Issue Resolution Investigation Office will investigate your issue, respond to you directly, and report both your concern and the outcome to the President of the Company.

ANY ISSUE OR CONCERN MAY BE RESOLVED USING THE OPEN DOOR POLICY

Circuit City's Open Door Policy is designed to help associates resolve any workplace question, issue

Exhibit ___C___ , page ___10___

or problem. For example, you ... d use the Open Door Policy when you ... uld like to address a question concerning your work schedule or resolve a problem you may be having with your supervisor or co-worker.

Circuit City's responsibility to help you resolve problems on the job and to provide an environment which is motivating, challenging and respectful. Accordingly, Circuit City will not tolerate retaliation against an associate for using the Open Door Policy.

# *BINDING ARBITRATION OF LEGAL DISPUTES*

In some cases, even after following the steps in the Open Door Policy, you may feel that a workplace issue has not been  resolved satisfactorily.  In situations where your employment-related dispute involves a claim under federal, state or local law, you may file a request for arbitration to obtain a quick, fair and binding resolution of your claim.

## WHAT IS ARBITRATION?

Arbitration is similar to a court case but is less formal and takes place in a much shorter time period – usually in a matter of weeks or a few months rather than years.  In arbitration, you and the Company agree to submit a legal dispute to an arbitrator who, after hearing from witnesses and receiving evidence from each party, renders a final, binding decision to your legal claim.  There is no jury in arbitration.  The arbitrator is a neutral party, usually a former or retired judge or an attorney with experience deciding employment-related legal disputes. The arbitrator is provided by The American Arbitration Association (AAA), a neutral, non-profit organization that specializes in dispute resolution.

A ... court, you can be represented by an attorney of your choice at all stages of arbitration.  You and ... uit City may take "discovery" of each other (ask written and oral questions of each other and ... est relevant documents) to prepare for the arbitration, though discovery is more limited in arbi... .on than it is in court in order to save you and Circuit City time and money.  Arbitration is an orderly proceeding, governed by rules of procedure and legal standards of conduct.

## DISPUTES THAT CAN BE RESOLVED IN ARBITRATION

Arbitration can be used to resolve any employment-related legal dispute.  A legal dispute exists when an associate believes that Circuit City has violated a federal, state or local law with regard to some aspect of the associate's employment at Circuit City.  Some examples of legal disputes include:

  · Discrimination on the basis of age, race, sex, national origin or religion;

  · Sexual Harassment;

  · Discrimination on the basis of a disability.

These are only several examples of employment-related legal disputes.  Rule 2 of the Dispute Resolution Rules and Procedures provides a more complete listing of the types of claims you may arbitrate.

Outlined on the following page is an example of the steps involved in a typical arbitration.


Exhibit C, page 11

## *Steps in a Typical Arbitration*

**First:**
You submit the Arbitration Request Form and filing fee of $75 to the Arbitration Coordinator.

**Second:**
You and Circuit City select an arbitrator and prepare for the arbitration.

**Third:**
The arbitration hearing is held. You and Circuit City explain your dispute to the arbitrator.

**Fourth:**
The arbitrator makes a decision and the dispute is resolved—usually within six months of your filing the Arbitration Request Form.

Exhibit _C_ , page _12_

WHY ARBITRATION IS RIGHT FOR YOU AND CIRCUIT CITY

SPEED

\ an obtain a final resolution to your dispute within months of requesting arbitration. A lawsuit
he_d in court can take years before a final decision is rendered.

COST EFFECTIVE

Because arbitration is faster and less formal than a case brought in court, it tends to be much less
expensive, a benefit to you and the company. Even simple court lawsuits, on the other hand, can cost
parties many thousands of dollars.

FAIR PROCESS

After you request arbitration, the American Arbitration Association (AAA) will provide a panel of
neutral arbitrators experienced in employment law. You and Circuit City participate equally in select-
ng the arbitrator to hear your dispute.

RECOVER YOUR DAMAGES

The arbitrator can award monetary damages to compensate you for harm you may have suffered.

PRIVACY

Disputes related to your employment are a private matter between you and Circuit City. Unlike court
pro     lings which are open to the public, arbitration takes place in private. You may choose to have
he    sults of the arbitration remain confidential.

PRESERVATION OF POSITIVE RELATIONS

Quick and fair resolution of differences helps maintain positive workplace relations.

HOW TO AGREE TO THE ARBITRATION PROGRAM

As a current associate, you are automatically part of the arbitration program unless you send via U.S.
mail (do not use intercompany mail) the "Circuit City Arbitration Opt-Out Form" found in your
Associate Issue Resolution Package to the Arbitration Coordinator to indicate that you do not wish to
e bound to the mandatory arbitration component of the Issue Resolution Program. You must mail
the form within 30 calendar days of signing your receipt of the Issue Resolution Package. Your
Arbitration Coordinator will have extra copies of the "Circuit City Opt-Out Form" if you have lost
ours. The Arbitration Coordinator's address is:

> Arbitration Coordinator
> Circuit City Stores, Inc.
> 9960 Mayland Drive
> Richmond, Virginia 23233

Circuit City will acknowledge your election not to be subject to mandatory arbitration within fifteen
alendar days after receiving your signed Opt-Out Form. If you send in a statement electing not to be
ou    to mandatory arbitration and do not receive an acknowledgment from Circuit City within fifteen

Exhibit C, page 13

calendar days, you should call the Arbitration Coordinator at (804) 527-4000 x8912.
All applicants who sign the Dispute Resolution Agreement contained in Circuit City's Employment
Application are automatically subject to the arbitration component of the Issue Resolution Program.

# SOME COMMON QUESTIONS
# AND THEIR ANSWERS

If I write or call the Issue Resolution Investigation Office after trying to resolve my problem by
using the Open Door Policy, will I get a response from that office?

Yes, the Issue Resolution Investigation Office will respond to your issue - just like any other manager
is required to respond to your issue.

When I'm using the Open Door Policy, why should I call or write to the Issue Resolution
Investigation Office and not the Office of the President?

If you call the Issue Resolution Investigation Office, we can ensure that you receive a response to your
issue in a timely manner. All issues and responses from the Issue Resolution Investigation Office are
reviewed by the appropriate Executive Committee Member and the President of the Company.

What happens if I use the Open Door Policy and my manager retaliates against me?

Circuit City is committed to ensuring that associates can use the Open Door Policy without worrying
about retaliation. Circuit City will not tolerate any retaliation against an associate for using any steps
in the Open Door Policy. If we find evidence that a manager has retaliated against an associate, disci-
plinary action will be taken with that manager.

Do I have to use the Open Door Policy before I can request arbitration?

encourage associates to use the Open Door Policy to resolve a dispute before requesting arbitra-
tion. The Open Door Policy, however, is voluntary, and you do not have to use it before requesting
arbitration of an employment-related legal dispute.

Can I request arbitration for any workplace problem?

Arbitration may be used to resolve employment-related legal disputes. A legal dispute involves a
claim arising under federal, state or local law. If you have a question about whether your claim falls
into this category, you may want to contact the Arbitration Coordinator or consult an attorney.
Ultimately, if you think that Circuit City did something to you related to your employment which vio-
lates the law, you may request arbitration of your claim.

Will the outcome of the arbitration be public knowledge?

The arbitrator will provide the associate involved in the arbitration and the Company with a written
award. The written award describes the claims and defenses of the case and issues a ruling in favor of
one party or the other. Circuit City will provide other associates in the arbitration program with
copies of written awards if requested. Unless the associate who was a party to the arbitration agrees
otherwise, Circuit City will remove the name of the associate (and other names if necessary to keep
the associate's identity confidential) from the award.

What happens if I file a lawsuit rather than request arbitration?

Circuit City will ask the court to dismiss your lawsuit and direct you to pursue your claim in arbitra-

Exhibit __C__ ,page __14__

What happens if I leave the Company and then file a lawsuit?

If you terminate your employment with Circuit City and then file a lawsuit, you will be required to bring your dispute to arbitration rather than through the court system.

Am I still able to file a charge with the Equal Employment Opportunity Commission or State Human Rights Office?

Yes, you are still able to go to these agencies and file a charge if you wish. However, if you receive a Right-To-Sue letter or similar form from any of these agencies, you will be required to take your legal dispute to arbitration.

What happens if I (or Circuit City) disagree with the arbitrator's decision?

If a party disagrees with the arbitrator's decision, they have the right to file an appeal with a court. A court's review of an arbitrator's decision, however, is quite limited.

Am I responsible for my own attorney's fees?

You are responsible for your own attorney's fees if you choose to have an attorney represent you. As part of the award, however, the arbitrator may require Circuit City to pay the reasonable fees of your attorney.

What costs am I responsible for in arbitration?

To initiate arbitration, you must submit a filing fee of $75 made payable with a cashier's check or money order to Circuit City Stores, Inc. Circuit City advances the remainder of the costs of arbitration such as the arbitrator's daily or hourly fees, although you are responsible for your own incidental costs such as witness fees or photocopying. At the conclusion of the arbitration, the costs of arbitration are shared equally by you and the Company. If you owe any costs or fees, other than attorney's fees as a result of the arbitration and you pay, or make arrangements to pay those costs or fees within 30 days after the arbitrator issues the award, you are responsible for no costs or fees in excess of 3% of your most recent annual compensation at Circuit City. If the arbitrator rules in your favor, the $75 filing fee will be refunded to you and the arbitrator may require Circuit City to pay your share of the costs of arbitration and your incidental costs.

How do I request arbitration if I have an employment-related legal dispute?

To request arbitration for your employment-related legal dispute, you should complete the "CIRCUIT CITY ARBITRATION REQUEST FORM" and send it with a filing fee of $75 to:

> Arbitration Coordinator
> Circuit City Stores, Inc.
> 9960 Mayland Drive
> Richmond, Virginia 23233-1464

Note: We will not accept your request for arbitration unless you have sent a cashier's check or money order made payable to Circuit City Stores, Inc.

Your manager will have additional copies of this form at your location.

What should I do if I have questions about arbitration or the Issue Resolution Program?

If you have questions about arbitration or the Issue Resolution Program, you should call the Arbitration Coordinator at (804) 527-4000 x8912.



Exhibit ___C___, page ___15___

# EXHIBIT "D"

CONFIDENTIAL *CIRCUIT CITY* CONFIDENTIAL

*Where Service is State of the Art*

# ARBITRATION REQUEST FORM

(Please Print or Type)

Name: _____   Social Security No.: _____

Telephone: _____

Address of Record: _____

                Street                              City

                State                              Zip

Position: _____   Status (full or part time): _____

Date of Hire: _____   Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims or other).

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)

Please include the names of any witnesses to the Company's alleged unlawful action.

_____

_____

_____

_____

_____

Exhibit _D_, page 16

Please state how you would ( your dispute with Circuit City resc ed.

_____
_____
_____
_____
_____
_____
_____
_____
_____

(Please attach additional sheets if necessary)

If you will be represented by an attorney, please identify that person below.

_____
Name of Representative

_____

_____
Address

_____
Telephone

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with Circuit City or its affiliate which have been or could have been raised under my Arbitration Agreement with Circuit City. I understand that to initiate this arbitration, I must submit with this Request Form a filing fee of seventy-five dollars ($75) in the form of a cashier's check or money order made payable to Circuit City Stores, Inc. I understand that unless the Arbitrator rules other- wise, I will be responsible for the fees of my own attorney should I retain one and for one-half of the arbitration fees and expenses, as set forth in Rule 13 of the Circuit City Dispute Resolution Rules and Procedures.

SIGNED:

_____          _____
Associate                                 Date

_____          _____
Associate's Attorney                      Date

Exhibit D, page 17

# EXHIBIT "E"

# CIRCUIT CITY®

# *Dispute Resolution Rules and Procedures*

All Associates
March 1995

Exhibit _E_ , page 18

# CIRCUIT CITY DISPUTE RESOLUTION RULES AND PROCEDURES

## Rule 1.  PURPOSE

Circuit City (the Company) has established an employment dispute resolution procedure, culminating in formal arbitration, designed to provide Associates with a fair, private, exclusive, expeditious, final and binding means for resolving legal disputes arising out of, or relating to, their employment with Circuit City, without the need for litigation in federal, state or local courts.  These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the Circuit City Dispute Resolution Agreement.

## Rule 2.  CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims of an Associate arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with Circuit City or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures.  Arbitration shall apply to any and all such disputes, controversies or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted Associate claims arising under federal, state or local statutory or common law shall be subject to arbitration.  Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), the National Labor Relations Act, state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, intentional/negligent infliction of emotional distress or defamation.

Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) shall not be subject to arbitration.  Statutory or common law claims alleging that Circuit City retaliated or discriminated against an Associate for filing a state employment insurance claim, however, shall be subject to arbitration.

## Rule 3.  DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2.  If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the Court shall dis-

Exhibit _E_, page _19_

miss the lawsuit and require the Associate to arbitrate the dispute.

If an Associate files a lawsuit in court involving claims which are, and other claims which are not, subject to arbitration, the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

## Rule 4. COMMENCEMENT OF ARBITRATION

### a. PROCEDURE

An Associate shall commence an arbitration by filing the attached Circuit City Associate Arbitration Request Form with a required filing fee of $75 (made payable with a cashier's check or money order to Circuit City Stores, Inc.) to:

> Arbitration Coordinator
> Circuit City Stores, Inc.
> 9960 Mayland Drive
> Richmond, Virginia  23233-1464

### b. TIME LIMITS

#### i. FILING OF REQUEST FOR ARBITRATION

The "Circuit City Associate Arbitration Request Form" shall be submitted not later than one year after the date on which the Associate knew, or through reasonable diligence should have known, of the facts giving rise to the Associate's claim(s). The failure of an Associate to initiate an arbitration within the one-year time limit shall constitute a waiver with respect to that dispute relative to that Associate.

#### ii. CIRCUIT CITY'S RESPONSE

Within 21 calendar days of receipt of an Associate's Arbitration Request Form and the accompanying filing fee, the Company shall send the Company's Response to the Associate via certified or registered mail, or hand delivery.

The Response, which also shall be mailed to the Associate's attorney if one has been retained, shall describe the Company's position regarding the allegations in the Associate's Arbitration Request Form.

### c. NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first class, registered mail, postage prepaid, as follows:

If to Circuit City:       Arbitration Coordinator
                          Circuit City Stores, Inc.
                          9960 Mayland Drive
                          Richmond, Virginia  23233-1464

Exhibit _E_, page 20

If to the Associate:          (i) to the Associate's address of record   as it appears on the
                                  Arbitration Request Form; or

                             (ii) to the Associate's attorney as designated in the Arbitration
                                  Request Form or later designated in writing by the Associate.

## Rule 5.   SELECTION OF AN ARBITRATOR

Circuit City and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within 21 calendar days after the Company receives the Associate's Arbitration Request Form, the American Arbitration Association (AAA) shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the AAA. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the AAA which arbitrators the Parties find unacceptable for deciding the dispute. The AAA then will appoint an Arbitrator from among the named individuals the Parties found acceptable.

## Rule 6.   TIME AND PLACE OF ARBITRATION

The arbitration hearing shall be held at the offices of, or a location selected by, the AAA in the city nearest the location of the Associate's last employment with the Company, unless the Parties agree otherwise. If the AAA does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7.   REPRESENTATION

Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8.   DISCOVERY

### a.   INITIAL DISCLOSURE

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party shall provide the opposing Party with any and all documents relevant to any claim or defense.

Upon request, the Associate shall be entitled to a copy of all documents (except privileged

Exhibit _E_, page _21_

documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

b.   OTHER DISCOVERY

   i.      INTERROGATORIES/DOCUMENT REQUESTS
   Each Party may propound one set of 20 interrogatories (including subparts) to the
   opposing Party. Interrogatories are written questions asked by one party to the other,
   who must answer under oath. Such interrogatories may include a request for all docu-
   ments upon which the responding party relies in support of its answers to the inter-
   rogatories. Answers to interrogatories must be served within 21 calendar days of receipt
   of the interrogatories.

   ii.     DEPOSITIONS
   A deposition is a statement under oath that is given by one party in response to specific
   questions from the other party, and usually is recorded or transcribed by a court
   reporter. Each Party shall be entitled to take the deposition of up to three (3) individuals
   of the Party's choosing. The Party taking the deposition shall be responsible for all
   costs associated therewith, such as the cost of a court reporter and the cost of a tran-
   script.

   iii.    ADDITIONAL DISCOVERY
   Upon the request of any Party and a showing of substantial need, the Arbitrator may
   permit additional discovery, but only if the Arbitrator finds that such additional discov-
   ery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

c.   DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final
and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided
by the discovery rules contained in the Federal Rules of Civil Procedure.

d.   TIME FOR COMPLETION OF DISCOVERY

All discovery shall be completed in an expeditious manner. In order to expedite the arbitra-
tion, the Parties may initiate discovery prior to the appointment of the Arbitrator. The
Parties and the Arbitrator shall make every effort to complete all discovery within sixty (60)
calendar days after the selection of the Arbitrator.

Rule 9.   HEARING PROCEDURE

a.   WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient
opportunity to examine its own witnesses and cross-examine witnesses of the other Party.
Either Party may issue subpoenas compelling the attendance of any other person necessary
for the issuing Party to prove its case.

   i.      SUBPOENAS
   A subpoena is a command to an individual to appear at a certain place and time and
   give testimony. A subpoena also may require that the individual bring documents
   when he or she gives testimony. The Arbitrator shall have the authority to enforce

Exhibit ___E___ , page _22_

and/or cancel such subpoenas provided that such subpoenas are issued no less than 10 calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

ii.   SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

b.   EVIDENCE

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

c.   BURDEN OF PROOF

An Associate has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, an Associate must prove that the Company's conduct with respect to the Associate was a violation of applicable law.

d.   BRIEFING

Each Party shall have the opportunity to submit one pre-hearing and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to 20 double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the reporting service.

e.   TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

f.   CONSOLIDATION

i.   CLAIMS

The Arbitrator shall have the power to hear as many claims as an Associate may have against the Company consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the

Arbitration Request Form, provided the Associate adding claims notifies the Company at least 30 calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they are added and the Company is not prejudiced in its defense by such addition.

ii.   PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek relief on behalf of the group).

g.   CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process.

All settlement negotiations, mediations, and the results thereof shall be confidential.

## Rule 10. SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is or was predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the District in which the Associate is or was predominantly employed.

## Rule 11. ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes.

a.   JURISDICTION

The Arbitrator's authority shall be limited to deciding the case submitted by the Associate. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that Circuit City have "just cause" to discipline or discharge an Associate or to change the terms and conditions of employment of an Associate unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

b.   SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if

Exhibit _E_, page _24_

justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## 2. AWARD

Within 21 calendar days after receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

## Rule 13. FEES AND EXPENSES

### a. COSTS OTHER THAN ATTORNEY FEES

#### 1. Definitions
Costs of an arbitration include the daily or hourly fees and expenses (including travel) of the Arbitrator who decides the case, filing or administrative fees charged by the AAA, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as xeroxing or the costs of producing witnesses or proof.

#### 2. Filing Fee/Costs of Arbitration
An Associate initiating an arbitration shall pay a filing fee of seventy-five dollars ($75) made payable with a cashier's check or money order to Circuit City Stores, Inc. Circuit City shall advance the remainder of the costs of the arbitration. Each Party shall advance its own incidental costs and pay its own attorney fees. Subject to the other provisions of this Rule set forth below, each Party shall pay one-half of the costs of arbitration following the issuance of the arbitration award.

#### 3. Shifting of Costs
If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate, and the Arbitrator may require that Circuit City pay the Associate's share of the costs of arbitration and incidental costs. If Circuit City prevails in arbitration, the Arbitrator may require the Associate to pay Circuit City's share of the costs of arbitration and incidental costs.

#### 4. Payment of Costs
The Parties shall pay all previously unpaid arbitration costs within ninety (90) calendar days of the issuance of the arbitration award. If the Associate is required to pay some or all of the costs or fees of arbitration and either pays, or makes arrangements to pay, said costs or fees within ninety (90) calendar days after the issuance of the arbitration award, the Associate's liability for the costs and fees of arbitration, other than attorney fees, shall be limited to three percent (3%) of the Associate's most recent annual compensation at Circuit City. If the Associate fails to pay, or fails to make arrangements to pay, the Associate's share of fees and costs within ninety (90) calendar days, the three percent (3%) cap shall not apply.

If the Associate fail to pay within ninety (90) calendar days, and the Associate is still employed by the Company, Circuit City may deduct the amount owed from the Associate's paycheck. Such deduction may not exceed a rate of five percent (5%) of the Associate's compensation per pay period.

b.  ATTORNEY FEES

Each Party generally shall be liable for its own attorney fees. If the Associate prevails in arbitration, the Arbitrator shall have discretion to award the Associate reasonable attorney fees. If Circuit City prevails in the arbitration, the Arbitrator shall have discretion to require the Associate to pay the Company's reasonable attorney fees if the Arbitrator finds that the Associate's claim was frivolous, or presented in bad faith or for an improper purpose, such as to harass the Company.

An award of attorney fees to either Party shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

## Rule 14. REMEDIES AND DAMAGES

If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award one or more of the following:

1.  Injunctive relief, including reinstatement to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment;

2.  If reinstatement at the place of the Associate's last employment is not practical, reinstatement to a comparable position at Circuit City in the same general geographic market area;

3.  Full or partial back pay and reimbursement for lost fringe benefits, but only up to one year from the point at which the Associate knew or should have known of the events giving rise to the alleged violation of law, with interest, reduced by interim earnings, public or private benefits received, and amounts that could have been received with reasonable diligence;

4.  If reinstatement is not practical or reasonable under the circumstances, recognizing that in only rare cases will reinstatement be impractical but nevertheless warranted, the Arbitrator may award up to 24 months of front pay in lieu of reinstatement;

5.  Compensatory damages in accordance with applicable law;

6.  Punitive damages in an amount up to the greater of:
     (a) an amount equal to the monetary award, if any, rendered pursuant to Subsections 3 and/or 4 of this Rule; or
     (b) $5,000.

Exhibit _E_ , page 26

## Rule 15. SETTLEMENT

The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the AAA.

## Rule 16. ENFORCEABILITY

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration.

## Rule 17. APPEAL RIGHTS

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq.

## Rule 18. SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

## Rule 19. TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES

Circuit City may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31st of any year upon giving 30 calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the claim arose. An Associate shall be deemed to have accepted a modification or termination of the Dispute Resolution Agreement or the Rules and Procedures by accepting or continuing employment with Circuit City after receiving notice of such modification or termination.

# EXHIBIT "F"

# CIRCUIT CITY ARBITRATION OPT-OUT FORM

NAME: _____
             (Please Print)

SOCIAL SECURITY #: _____ - _____ - _____

LOCATION #: _____

After reviewing the Associate Issue Resolution Package, I have decided that I do not wish to be subject to the mandatory arbitration component of the Program.

Within 30 calendar days of the date on which I signed the Associate Receipt of Issue Resolution Package, I must send this Form via U.S. mail to the following address:

> Circuit City Stores, Inc.
> Arbitration Coordinator
> 9960 Mayland Drive
> Richmond, VA 23233

Circuit City will acknowledge my election not to be subject to mandatory arbitration within 15 calendar days after receiving this Form. If I mail this form and do not receive acknowledgement from Circuit City within 15 calendar days, I should call the Arbitration Coordinator at (804) 527-4000, Ext. 8912.

_____          _____
SIGNATURE                                                       DATE

PLEASE PRINT NAME & HOME ADDRESS:

_____
NAME

_____
ADDRESS

_____
CITY                         STATE              ZIP

Exhibit _E_, page _28_

# EXHIBIT "G"

# DISPUTE RESOLUTION RULES AND PROCEDURES

Exhibit G , page 29

# CIRCUIT CITY DISPUTE RESOLUTION
# RULES AND PROCEDURES

**Rule 1.**  PURPOSE

Circuit City (the Company) has established an employment dispute resolution procedure, culminating in formal arbitration, designed to provide a fair, private, exclusive, expeditious, final and binding means for resolving legal disputes rising out of, or relating to, employment with Circuit City, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the Circuit City Dispute Resolution Agreement, whether brought by an Associate or by Circuit City. The term "Associate" includes applicants, employees and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and Circuit City.

**Rule 2.**  CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with Circuit City or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, intentional/negligent infliction of emotional distress or defamation.

Claims by Associates for state employment insurance (e.g., unemployment compensation, worker's compensation, worker disability compensation) or under the National Labor Relations Act shall not be subject to arbitration. Statutory or common law claims alleging that Circuit City retaliated or discriminated against an Associate for filing a state employment insurance claim, however, shall be subject to arbitration.

**Rule 3.**  DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the Court shall dismiss the lawsuit and require the Associate to arbitrate the dispute.
If an Associate files a lawsuit in Court involving claims which are, and other claims which are

4

Exhibit _G_ ,page _30_

not, subject to arbitration the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

## Rule 4.   COMMENCEMENT OF ARBITRATION

### a.   PROCEDURE

An Associate shall commence an arbitration by filing the attached Arbitration Request Form with a required filing fee of $75 (made payable with a cashier's check or money order to Circuit City Stores, Inc.) to:

> Arbitration Coordinator
> Circuit City Stores, Inc.
> 9954 Mayland Drive
> Richmond, Virginia 23233-1464

Any Arbitration Request Form which is not accompanied by the required filing fee will **not** be accepted and will be returned to the Associate.

### b.   TIME LIMITS

#### i.   FILING OF REQUEST FOR ARBITRATION
The "Circuit City Arbitration Request Form" shall be submitted not later than **one year** after the date on which the Associate knew, or through reasonable diligence should have known, of the facts giving rise to the Associate's claim(s). The failure of an Associate to initiate an arbitration within the one-year time limit shall constitute a **waiver** with respect to that dispute relative to that Associate.

#### ii.   "CIRCUIT CITY'S RESPONSE"
Within 21 calendar days of receipt of an Associate's Arbitration Request Form and the accompanying filing fee, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

The Response, which also shall be mailed to the Associate's attorney if one has been retained, shall describe the Company's position regarding the allegations in the Associate's Arbitration Request Form.

### c.   NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first class mail, postage prepaid, as follows:

> If to Circuit City:   (i) Arbitration Coordinator
> Circuit City Stores, Inc.
> 9954 Mayland Drive
> Richmond, Virginia 23233-1464; or
> (ii) to the Company's attorney as designated in writing by the Company.

Exhibit _C_, page _31_

If to the Associate:    (i) to the Associate's address of record as it appears on the Arbitration Request Form; or

(ii) to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

## Rule 5.  SELECTION OF AN ARBITRATOR

Circuit City and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within 21 calendar days after the Company receives the Associate's Arbitration Request Form and the accompanying filing fee, Resolute Systems, Inc. (Resolute) or other Arbitrator and/or Arbitration Service as agreed to by the Parties shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable.

## Rule 6.  TIME AND PLACE OF ARBITRATION

The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7.  REPRESENTATION

Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8.  DISCOVERY

### a.  INITIAL DISCLOSURE

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party shall provide the opposing Party with any and all documents relevant to any claim or defense.

Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

6



Exhibit G, page 32

b.  OTHER DISCOVERY

i.    INTERROGATORIES/DOCUMENT REQUESTS
Each Party may propound one set of 20 interrogatories (including subparts) to the opposing Party.  Interrogatories are written questions asked by one party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within 21 calendar days of receipt of the interrogatories.

ii.    DEPOSITIONS
A deposition is a statement under oath that is given by one party in response to specific questions from the other party, and usually is recorded or transcribed by a court reporter. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

iii.    ADDITIONAL DISCOVERY
Upon the request of any Party and a showing of **substantial need**, the Arbitrator may permit additional discovery, but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

c.  DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

d.  TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9.  HEARING PROCEDURE

a.  WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any other person necessary for the issuing Party to prove its case.

i.    SUBPOENAS
A subpoena is a command to an individual to appear at a certain place and time and give testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than 10 calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and

Exhibit __G__ , page __33__

enforcement of the subpoena, and with the attendance of the subpoenaed witness at the
arbitration hearing.

enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

ii.    SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

b.  EVIDENCE

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

c.  BURDEN OF PROOF

An Associate has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, an Associate must prove that the Company's conduct with respect to the Associate was a **violation of applicable law.**

d.  BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to 20 double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the reporting service.

e.  TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

f.  CONSOLIDATION

i.    CLAIMS

The Arbitrator shall have the power to hear as many claims as an Associate may have against the Company consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form, provided the Associate adding claims notifies the Company at least 30 calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they are added and the Company is not prejudiced in its defense by such addition.

8



Exhibit G, page 34

ii.   PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek relief on behalf of the group).

g.  CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process.

All settlement negotiations, mediations, and the results thereof shall be confidential.

## Rule 10. SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the District in which the Associate is or was predominantly employed.

## Rule 11. ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, seven days prior to the scheduled arbitration hearing, the parties shall participate in a telephone conference with the Arbitrator. Where a party has challenged the legal sufficiency of an asserted claim or defense in a prehearing brief, each party may be heard. A party making such a challenge should file the prehearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by a ruling communicated to the parties at least five days prior to the scheduled arbitration hearing.

a. JURISDICTION

The Arbitrator's authority shall be limited to deciding the claims and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that Circuit City have "just cause" to discipline or discharge an Associate or to change the terms and conditions of employment of an Associate unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

b. SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if

justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

**Rule 12.** AWARD

Within 21 calendar days after receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

**Rule 13.** FEES AND EXPENSES

### a.   COSTS OTHER THAN ATTORNEY FEES

1. Definitions
Costs of an arbitration include the daily or hourly fees and expenses (including travel) of the Arbitrator who decides the case, filing or administrative fees charged by the Arbitration Service, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

2. Filing Fee/Costs of Arbitration
An Associate initiating an arbitration shall pay a filing fee of seventy-five dollars ($75) made payable with a cashier's check or money order to Circuit City Stores, Inc. Circuit City shall advance the remainder of the costs of the arbitration. Each Party shall advance its own incidental costs and pay its own attorney fees. Subject to the other provisions of this Rule set forth below, each Party shall pay one-half of the costs of arbitration following the issuance of the arbitration award.

3. Shifting of Costs
If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate, and the Arbitrator may require that Circuit City pay the Associate's share of the costs of arbitration and incidental costs. If Circuit City prevails in arbitration, the Arbitrator may require the Associate to pay Circuit City's share of the costs of arbitration and incidental costs.

4. Payment of Costs
The Parties shall pay all previously unpaid arbitration costs within ninety (90) calendar days of the issuance of the arbitration award. If the Associate is required to pay some or all of the costs or fees of arbitration and either pays, or makes arrangements to pay, said costs or fees within ninety (90) calendar days after the issuance of the arbitration award, the Associate's liability for the costs and fees of arbitration, other than attorney fees, shall be limited to the higher of $500 or three percent (3%) of the Associate's most recent annual compensation at Circuit City. If the Associate fails to pay, or fails to make arrangements to pay, the Associate's share of fees and costs within ninety (90) calendar days, the limitation shall not apply.

If the Associate fails to pay, or fails to make arrangements to pay, within ninety (90) calendar

Exhibit __G__, page __3__

days, and the Associate is still employed by the Company, Circuit City may deduct the amount owed from the Associate's paycheck. Such deduction may not exceed a rate of five percent (5%) of the Associate's compensation per pay period.

### b. ATTORNEY FEES

Each Party generally shall be liable for its own attorney fees. If the Associate prevails in arbitration, the Arbitrator shall have discretion to award the Associate reasonable attorney fees. If Circuit City prevails in the arbitration, the Arbitrator shall have discretion to require the Associate to pay the Company's reasonable attorney fees if the Arbitrator finds that the Associate's claim was frivolous, or presented in bad faith or for an improper purpose, such as to harass the Company.

Any award of attorney fees to either Party shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

## Rule 14. REMEDIES AND DAMAGES

If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award one or more of the following:

1. Injunctive relief, including reinstatement to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment;

2. If reinstatement at the place of the Associate's last employment is not practical, reinstatement to a comparable position at Circuit City in the same general geographic market area;

3. Full or partial back pay and reimbursement for lost fringe benefits, but only up to one year from the point at which the Associate knew or should have known of the events giving rise to the alleged violation of law, with interest, reduced by interim earnings, public or private benefits received, and amounts that could have been received with reasonable diligence;

4. If reinstatement is not practical or reasonable under the circumstances, recognizing that in only rare cases will reinstatement be impractical but nevertheless warranted, the Arbitrator may award up to 24 months of front pay in lieu of reinstatement;

5. Compensatory damages in accordance with applicable law;

6. Punitive damages in an amount up to the greater of:
   (a) an amount equal to the monetary award, if any, rendered pursuant to Subsections 3 and / or 4 of this Rule; or
   (b) $5,000.

## Rule 15. SETTLEMENT

The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

## Rule 16. ENFORCEABILITY

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C.§ 1, et seq., and the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration.

## Rule 17. APPEAL RIGHTS

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq.

## Rule 18. SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

## Rule 19. TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES

Circuit City may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31st of any year upon giving 30 calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the Arbitration Request Form and accompanying filing fee is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all Circuit City locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year.

12

Exhibit G , page 38

